STATE BOARD OF TAX APPEALS.

TRENTON LODGE NO. 105, BENEVOLENT AND PROTECTIVE ORDER OF ELKS, PETITIONER, v. CITY OF TRENTON, RESPONDENT.

Decided July 23, 1940.

For the petitioner, *Joseph Bash* and *Joseph Fishberg*.

For the respondent, *Louis Josephson*.

BY THE BOARD. Petitioner seeks exemption from taxation for the year 1939 for the land and building constituting its lodge quarters in the respondent taxing district. An appeal from the assessment was dismissed by the Mercer County Board of Taxation. The application is based upon *R. S.* 54:4-3.26 (*N. J. S. A.* 54:4-3.26), exempting property of fraternal organizations, no part of which is used for pecuniary profit.

It is not disputed herein that petitioner qualifies as a fraternal organization within the category of those referred to in the exempting enactment, but it is urged by respondent that operations for profit are conducted on the premises such as deprive petitioner of the exemption to which it would otherwise be entitled. Reference is had in this connection to the maintenance of a bar and buffet in the building, for the convenience of members of the organization and their guests, at which pecuniary charges are made for the food and liquor served; and to occasional entertainments run by the organization, admission to which is limited to holders of tickets sold to members and their friends.

The testimony is to the effect that the organization has been running at a financial loss for the last several years past, depending almost entirely upon membership dues for its sustenance. The charges made at the bar are reasonable, and designed to meet the expense of its operation, which they barely do. The proceeds of the entertainments seldom exceed the cost of running them, and, in such instances as a small

excess happens to accrue, it is turned into the fund maintained by the lodge for crippled children.

The foregoing circumstances do not indicate an operation for pecuniary profit, within the reasonable intendment of the statute. We have heretofore held, and have been sustained in so holding, that the operation of a bar for the accommodation of members of a fraternal organization and their guests, in the course of which no profit ordinarily ensues, and the conducting of other facilities for the entertainment of members and friends, in furtherance of the broad fraternal purposes of such an organization, are not uses for profit within the statute, even though reasonable pecuniary charges, requisite for the maintenance of such facilities, are made for them. *Hoboken Lodge No. 74, B. P. O. E.* v. *City of Hoboken (State Board)*, filed February 21st, 1939; *affirmed, Hoboken* v. *Hoboken Lodge No. 74, B. P. O. E. (Supreme Court,* 1939), 123 *N. J. L.* 506; 9 *All. Rep. (2d)* 783.

Cases of continuous and studied profit-making ventures by fraternal organizations are to be distinguished from the situation presented in this case. Regularly held bingo games open to the public for a fee, commercially operated restaurants open to the general public, and the systematic and regular rental of rooms to the public at large at fixed fees, are examples of uses which have moved this board to deny exemptions from taxation to fraternal organizations. *Plainfield Lodge No. 885, Benevolent and Protective Order of Elks* v. *City of Plainfield (State Board)*, filed February 21st, 1939; *Benevolent Protective Order of Elks, Lodge No. 233*, v. *Borough of Red Bank (State Board)*, filed January 24th, 1939; *Fifty-Six Seminary Avenue Corp.* v. *City of Rahway (State Board)*, filed April 4th, 1940.

We are of the opinion that no showing is made in this case warranting the deprivation of petitioner's statutory right of exemption. The assessment will therefore be ordered canceled.